JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALADAR CAPITAL INVESTMENTS, LP,<br><br>Plaintiff,<br><br>v.<br><br>NERSES TUTUNJIAN, NARINE DANIELYAN, and PATRICK BANKS, *et al.*<br><br>Defendants. | Case No. 2:26-cv-6256-CV (SKx)<br><br>**ORDER REMANDING ACTION** |

On January 7, 2026, Defendant Patrick Banks ("Defendant") removed from California state court what appears to be a routine unlawful detainer action filed by Plaintiff Paladar Capital Investments, LP ("Plaintiff"). Doc. # 1 ("NOR"). Defendant asserted federal question jurisdiction under 28 U.S.C. sections 1331 and 1441. *Id.* at 2.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before

proceeding to the merits of a case, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), "even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.* Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a); *see Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Protection*, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); *Washington v. United Parcel Serv., Inc.*, 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

Here, the Court's review of the Notice of Removal and the attached state-court complaint makes clear that this Court does not have jurisdiction over the instant matter. The state court complaint contains a single cause of action for unlawful detainer and discloses no federal statutory or constitutional question that would support federal question jurisdiction. *See* NOR at 6–9; *see also* Wescom *Credit Union v. Dudley*, 2010 WL 4916578, *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *see also lndymac Fed. Bank., F.S.B. v. Ocampo*, 2010 WL 234828, *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint," where "[t]he Complaint contains a single cause of action for unlawful detainer.").

To the extent Defendant's defenses to the unlawful detainer action are based on alleged violations of federal law (*see* NOR at 2–4), those defenses do not provide a basis for federal question jurisdiction. It is well-settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Consequently, Defendant's Protecting Tenants at Foreclosure Act ("PFTA"), 12 U.S.C. § 5220, defense does not confer federal question jurisdiction upon this Court. "Moreover, federal courts have uniformly concluded that the PTFA does not preempt state law unlawful detainer actions." *Aurora Loan Servs. LLC v. Jessie Torres*, 2011 WL 4551458, at *1 (N.D. Cal. Sept. 30, 2011) (collecting cases). Thus, there is no federal question jurisdiction.

///

Because the complaint raises no federal claim and Defendant has not shown any other basis for jurisdiction, the Court lacks subject matter jurisdiction. Accordingly, IT IS ORDERED that:

1. The above-captioned action shall be remanded to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court and close the action administratively.

**IT IS SO ORDERED**.

Dated: 7/13/26

Cynthia Valenzuela
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE